IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA M. DERVIN,<br>on behalf of herself<br>and all other similarly situated,<br><br>        Plaintiff<br><br>        v.<br><br>NBTY, INC., a Delaware corporation, and<br>NATURE'S BOUNTY, INC.,<br>a Delaware corporation,<br><br>        Defendants. | Case No. 1:21-cv-04215<br><br>Hon. Charles P. Kocoras |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' RULE 11 MOTION**

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................................... 1

BACKGROUND ....................................................................................................................... 2

    A.    Six lawsuits about biotin ............................................................................................ 2

    B.    Factual contentions in the present case about biotin the nutrient .......................... 2

    C.    Factual contentions in prior cases about biotin the nutrient ................................... 3

        1.    Alvarez ............................................................................................................ 3

        2.    Greenberg ....................................................................................................... 4

        3.    Jensen ............................................................................................................. 5

    D.    Rule 11 motion ........................................................................................................... 6

        1.    Defendants serve but do not file the motion ............................................. 6

        2.    The parties confer .......................................................................................... 6

ARGUMENT ............................................................................................................................. 8

    I.    Mr. Weltman violated Rule 11(b)(3) ........................................................................ 8

    II.    This Court should impose appropriate sanctions .................................................. 12

CONCLUSION ....................................................................................................................... 13

# **INTRODUCTION**

Stewart Weltman, counsel for Plaintiff, has devised a new ending to the old adage: if the law is on your side, pound the law; if the facts are on your side, pound the facts. He has neither on his side, but rather than pound the table, he decided to reverse the facts.

This case, like five others Mr. Weltman previously filed, is about biotin dietary supplements. In prior cases, he made the true factual contention that biotin the *nutrient* supports healthy hair, skin, and nails. The claims in those cases were based on his allegation that biotin *supplements* are unnecessary because most people obtain sufficient biotin from food. In the course of those cases, Mr. Weltman repeatedly insisted—over and over again—that biotin the nutrient does support healthy hair, skin, and nails. He also presented that same repeated factual contention—over and over again—in the expert testimony and opinions of Dr. Barry Wolf.

In January of this year, the Ninth Circuit issued its decision in one of Mr. Weltman's other biotin cases. Based explicitly on Mr. Weltman's and Dr. Wolf's true factual contention that biotin the nutrient supports healthy hair, skin, and nails, the Ninth Circuit held that federal law preempts Mr. Weltman's state-law claims about biotin supplements.

Mr. Weltman filed this case to see if a different court of appeals would reach a different decision about preemption. That much he is free to do. But he apparently understands that the Ninth Circuit's decision is unassailable on the law, so this time he decided to reverse the facts. Rather than once again make the *true* factual contention that biotin the nutrient supports healthy hair, skin, and nails, he reversed it. The complaint here makes the *false* factual contention that "***biotin the nutrient does not support hair, skin, or nails.***" Compl. ¶ 5 (emphasis added). It says so repeatedly, and it bases a consumer fraud claim in part on that false factual contention.

Under Rule 11(b)(3), when Mr. Weltman signed and filed the complaint in the present case, he certified that its factual contentions have evidentiary support to the best of his

1

knowledge, information, and belief formed after an inquiry reasonable under the circumstances. But his own repeated admissions over the past few years, and the repeated admissions he put forward from his expert, show that his new factual contention is false, and he knows it is false. Courts do not allow attorneys to reverse their own factual contentions when it becomes convenient, or to make factual contentions flatly contradicted by their own experts. Mr. Weltman should be sanctioned for doing so here.

## BACKGROUND

### A. Six lawsuits about biotin

The present case is Mr. Weltman's sixth lawsuit about biotin and dietary supplements that contain it. In chronological order, his other cases are:

- *Alvarez v. NBTY*, Case 3:17-cv-00567-BAS-BGS (S.D. Cal.). *Alvarez* was filed on March 22, 2017.

- *Greenberg v. Target*, Case 3:17-cv-01862-RS (N.D. Cal.). *Greenberg* was filed on April 4, 2017.

- *Jensen v. Natrol*, Case 3:17-cv-03193-VC (N.D. Cal.). *Jensen* was filed on June 5, 2017.

- *Finnegan v. Church & Dwight,* 4:17-cv-05538-RS (N.D. Cal.). *Finnegan* was filed on September 25, 2017.

- *Anthony v. Pharmavite*, Case 3:18-cv-02636 (N.D. Cal.). *Anthony* was filed on May 4, 2018.

Mr. Weltman was an attorney of record, with an appearance on file, in all six cases.[1]

### B. Factual contentions in the present case about biotin the nutrient

Mr. Weltman signed and filed the complaint in the present case on August 9, 2021. The complaint alleges that Defendants sell biotin as a dietary supplement, with this statement on each package: "Supports Healthy Hair, Skin & Nails." Compl. ¶¶ 1–2, 110.

---

[1] It appears that *Finnegan* and *Anthony* were resolved quickly, so they are not discussed below.

The complaint alleges that this statement is "false, misleading or reasonably likely to deceive consumers" in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. *Id.* ¶¶ 3, 5, 130. The complaint asserts two reasons it is false. The second reason, which is *not* the subject of this motion, is that most people obtain enough biotin from food, so they do not need biotin dietary supplements. *Id.* ¶ 5.

This motion is about the first reason, which is the factual contention that "**biotin the nutrient does not support hair, skin, or nails**." *Id.* ¶ 5 (emphasis added). The complaint repeats and relies on that factual contention numerous times, including in paragraphs 4, 11, 12, 70–72, 81, 84, 90, and others. The consumer fraud cause of action is based in part on it.

C.   **Factual contentions in prior cases about biotin the nutrient**

In several of his prior biotin cases, however, Mr. Weltman repeatedly admitted that the opposite is true: biotin the nutrient *does* support healthy hair, skin, and nails. Mr. Weltman also repeatedly presented expert testimony from Dr. Barry Wolf admitting the same thing.

1.   *Alvarez*

In *Alvarez*, Mr. Weltman and other attorneys sued the same defendants as in the present case. Dr. Wolf was their expert witness on biotin. In August 2018, he gave a deposition, which Mr. Weltman defended. Dr. Wolf testified:

> Q. Okay. So we all agree that the nutrient biotin plays a cellular and biochemical role in the support of healthy hair, skin, nails and energy?
>
> A. Yes.
>
> Q. Do you also agree that the substantial scientific literature discussed in the [defendants' expert's] report demonstrates that biotin as a nutrient supports healthy hair, skin, nails and energy?
>
> A. Agree.

3

Ex. 1, *Alvarez* Wolf Dep., at 53:9–17. (In a letter sent two days ago (discussed below), Mr. Weltman twice described this testimony from Dr. Wolf as "ambiguous." Ex. 10 at 2, 3. He did not explain what ambiguity he perceived in "Yes" and "Agree.")

A few months later, in a rebuttal expert report attached to Mr. Weltman's motion for class certification, Dr. Wolf wrote, "I have already conceded, biotin is a nutrient that is essential to health and if you do not get any or get very little biotin from your diet …, you will likely suffer hair and skin, and possibly nail problems." Ex. 2, *Alvarez* Wolf Rebuttal Report, ¶ 7.

The defendants moved for summary judgment. In its May 2019 decision, the court stated, "Plaintiff's expert Dr. Wolf agrees that 'the nutrient biotin plays a cellular and biochemical role in the support of healthy hair, skin, nails and energy'…" and "Plaintiff acknowledges that biotin the nutrient 'supports' healthy hair, skin, and nails…." *Alvarez v. NBTY*, 2019 WL 2238632, at *4 (S.D. Cal.).

### 2. *Greenberg*

In July 2019, Mr. Weltman and his colleagues filed a brief in opposition to summary judgment. There, they admitted that "biotin *the nutrient* plays a role in hair and skin health – and Plaintiff does not contend differently … Plaintiff and his expert [Dr. Wolf] note that biotin *the nutrient* is an essential vitamin that plays a role in our overall health including hair and skin health …." Ex. 3, *Greenberg* Opp'n to Defs.' Mot. for Sum. J., at 7. "Dr. Wolf makes clear that it is only biotin *the nutrient* … that is essential to our health, including hair and skin health." *Id*. at 16-17. In an expert report, Dr. Wolf wrote that he "agree[s] that the nutrient biotin … is essential for … maintenance of normal skin and … normal hair…" Ex. 4, *Greenberg* Wolf Rebuttal Expert Report, at 13. In that report, he explained how "[w]e know" that "biotin, the nutrient, is essential to our health, including the health of hair and skin." *Id*. at 21.

The district court granted summary judgment. In its opinion, the court explained that "Biotin is a nutrient that plays a cellular and biochemical role in the support of healthy hair, skin, [and] nails." *Greenberg v. Target*, 402 F. Supp. 3d 836, 837-38 (N.D. Cal. 2019). Thus, "[t]he nutrient Biotin, the only active ingredient in the Biotin Supplements, does indeed affect human structure or function, a fact that Greenberg's expert, Barry Wolf, concedes." *Id*. at 840.

Mr. Weltman and his colleagues appealed. In their February 2020 opening brief to the Ninth Circuit, they stated, "Dr. Wolf acknowledged that, at a cellular level, biotin the nutrient found in foods is an essential vitamin that has an effect on hair and skin." Ex. 5, *Greenberg* Appellant's Opening Br., at 3. They also admitted that "hair, skin, or nail health" are "benefits provided by the nutrient form of the supplement found in foods…." *Id*. at 5.

In its decision earlier this year, the Ninth Circuit stated, "Notably, the parties agree that biotin is a nutrient that supports healthy hair and skin." *Greenberg v. Target*, 985 F.3d 650, 653 (9th Cir. 2021). As explained below, it was notable because it led directly to the Ninth Circuit's conclusion that federal law preempts state-law claims asserting that most people do not need dietary supplements of biotin. That allegation about biotin dietary supplements is, of course, also made in the present case.

3.   *Jensen*

In September 2018, Mr. Weltman and his colleagues moved for class certification. In their motion, they stated, "biotin, the molecule, helps support healthy hair, skin, and nails—something that Plaintiff and her expert [Dr. Wolf] have readily acknowledged—as biotin is an essential vitamin." Ex. 6, *Jensen* Mot. for Class Cert., at 7.

Two months later, Mr. Weltman and his colleagues opposed summary judgment. Their arguments were based on that same distinction between biotin the nutrient and biotin supplements. "That biotin—the nutrient … promotes and supports healthy hair [and] strong nails

5

… says nothing about whether Defendant's mega-dose Biotin Products provide any of these benefits." Ex. 7, *Jensen* Opp'n to Sum. J., at 8.

A year later, in their November 2019 class certification reply brief, they again stated, "It is true that biotin *the nutrient* is essential for our general health and is generally related to energy and hair, skin, and nail health." Ex. 8, *Jensen* Reply in Supp. of Pl.'s Mot. for Class Cert., at 1.

### D. Rule 11 motion

#### 1. Defendants serve but do not file the motion

Given that Mr. Weltman's false factual contention about biotin the nutrient in the present case directly contradicted his and Dr. Wolf's true factual contention about biotin the nutrient in *Alvarez*, *Greenberg*, and *Jensen*, Defendants served him with a Rule 11 motion by email on October 19. The motion asserted that Mr. Weltman violated Rule 11(b)(3), which states that, by signing a pleading, "an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the factual contentions have evidentiary support …."

As Rule 11(c)(2) requires, the motion was initially served on Mr. Weltman but not filed with the Court, in order to give him an opportunity to withdraw the offending factual contention and the cause of action to the extent based on it. The motion asked that he accomplish this by filing with the Court a corrected or amended complaint.

#### 2. The parties confer

Ten days later, on October 29, Mr. Weltman responded with a letter. Ex. 9. On the subject of whether "biotin the nutrient helps support hair skin and nail health," Mr. Weltman asserted that Dr. Wolf had indeed stated it, but only "in passing." *Id*. at 1. The letter repeated four times that Dr. Wolf stated it only "in passing." *Id*. at 1 (twice), 2, 2 n.1. But the letter did ***not*** state that any new studies on biotin's role in supporting hair, skin, and nail health had been

6

published in the interim. Nor did it state that a new consultant contradicted Mr. Weltman and Dr. Wolf about their prior factual contention—a curious omission whose relevance will quickly become apparent.

Rule 11 does not require the parties to confer, but they conferred by phone on November 5. During the call, counsel for Defendants explained that the new factual contention in the complaint in the present case—that biotin the nutrient does *not* support healthy hair, skin, and nails—violated Rule 11(b)(3), as shown by Mr. Weltman's and Dr. Wolf's many admissions of the exact opposite in their prior biotin cases.

In response, Mr. Weltman argued that his prior factual contention—that biotin the nutrient *does* support healthy hair, skin, and nails—was not the "core" of Dr. Wolf's opinions and testimony in the other biotin cases. To justify the reversal of his prior factual contention, Mr. Weltman did not identify any new scientific studies about the role biotin plays in the body.

Mr. Weltman then claimed that his new factual contention was provided by a "consultant." In the seventeen days since Defendants served the Rule 11 motion, this was the first time Mr. Weltman mentioned a consultant. He did not identify this person or explain what new information the person gave him. He contended, however, that the bare act of using a consultant conferred upon him immunity from a Rule 11 motion, notwithstanding his prior admissions and Dr. Wolf's prior admissions.

On November 10, Mr. Weltman sent another letter. Ex. 10. In it, he refused to identify the consultant, asserting that "the identity of consulting experts is privileged work product." *Id*. at 1. He also asserted that "the record in the *[Greenberg v.] Target* case does not reflect that Dr. Wolf admitted that biotin the nutrient directly supports hair, skin and nail health but rather that biotin the nutrient helps support our metabolism." *Id*. That is plainly false, as shown by the numerous

statements from *Greenberg* collected above. Mr. Weltman's letter also added that the Ninth Circuit's decision in *Greenberg* was "disingenuous." *Id.* at 2.

## ARGUMENT

### I. Mr. Weltman violated Rule 11(b)(3).

"The central goal of Rule 11 is to deter abusive litigation practices." *Lundeen v. Minemyer*, 2010 WL 5418896, at *2 (N.D. Ill.). One of the worst abusive litigation practices occurs "when statements are made with disregard for their truth." *Miller v. Pinson*, 1996 WL 596501, at *10 (N.D. Ill.)

Mr. Weltman's signature on the complaint in the present case certified that its "factual contentions have evidentiary support" to the "best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." But that certification was false.

The proof that it was false, and that he knows his new factual contention is false, comes from Mr. Weltman himself and the sole biotin expert he has used in other lawsuits, Dr. Wolf, on whom the complaint in the present case also relies. Compl. ¶¶ 62, 66. The contradiction is stark:

| Mr. Weltman in the present case: "biotin the nutrient does not support hair, skin, or nails." | Mr. Weltman in *Alvarez*: "biotin the nutrient 'supports' healthy hair, skin, and nails" |
|---|---|
| | Mr. Weltman in *Greenberg*: "biotin *the nutrient* plays a role in hair and skin health." |
| | Mr. Weltman in *Jensen*: "biotin, the molecule, helps support healthy hair, skin, and nails." |

Many more quotes could of course be shown, and they are collected in the Background section, above. There cannot be any dispute that Mr. Weltman has advanced repeatedly in other cases the factual contention that the nutrient biotin *does* support healthy hair, skin, and nails.

8

The reason for Mr. Weltman's sudden decision to reverse his factual contention is easy to deduce. In *Greenberg*, the fact that biotin the nutrient supports healthy hair, skin, and nails was the foundation for the Ninth Circuit's decision that federal law preempted Mr. Weltman's state-law claim about biotin supplements being unnecessary for most people, *Greenberg*, 985 F.3d at 655-656—the same claim he makes here. That *Greenberg* decision was the reason he stopped filing lawsuits in California and filed the next one in Illinois. As he said repeatedly in his October 29 and November 10 letters, he wants to relitigate the Ninth Circuit's decision in this Court. Ex. 9 at 1, 2, 3; Ex. 10 at 1. But he seems to have realized that he has no chance of winning on the law, given the strength of that decision, so he decided to try to reverse the facts.

It should go without saying—but apparently it must be said—that an attorney may not make opposing and contradictory factual contentions. In *Polar Int'l Brokerage v. Reeve*, 196 F.R.D. 13, 18 (S.D.N.Y. 2000), for example, attorneys argued to the court that a tender offer for stock was adequate and fair, a contention they reinforced by explaining that a financial expert had come to the same conclusion. Later, the same attorneys filed an amended complaint asserting that the tender offer was inadequate and unfair. The court sanctioned the attorneys for "tak[ing] precisely the opposite position. … Either plaintiffs' counsel violated Rule 11(b)(3) in March 1999 when they repeatedly stated—based upon their examination of documents and consultation with financial experts—that the Tender Offer was fair, or … violated Rule 11(b)(3) in October 1999 by filing an amended complaint alleging that the Tender Offer was unfair." *Id*.

It is no different when the opposing and contradictory factual contentions occur in more than one case. In *In re Motion for Sanctions Against Meyers*, 2014 WL 1494099, at *3-4 (N.D. Tex.), an attorney was sanctioned for making contradictory statements in complaints in two different cases. Similarly, an attorney was sanctioned in *Truesdell v. S. Cal. Permanente Med.*

9

*Group*, 209 F.R.D. 169, 173 (C.D. Cal. 2002), for making an allegation in a complaint that the attorney knew was false based on a prior lawsuit the attorney handled.

Here, of course, the falsity of Mr. Weltman's new factual contention is proved not only by his own statements in other cases, but also by those of his biotin expert. Dr. Wolf testified that "the nutrient biotin plays a cellular and biochemical role in the support of healthy hair, skin, nails, and energy," and he testified that "substantial scientific literature … demonstrates that biotin as a nutrient supports healthy hair, skin, nails and energy." He wrote that he "conceded biotin is a nutrient that is essential to health" and without it "you will likely suffer hair and skin, and possibly nail problems." And many of Mr. Weltman's briefs quoted Dr. Wolf's repeated admissions that biotin the nutrient does support healthy hair, skin, and nails.

An attorney who contradicts his own expert does so at his peril. In *Paldo Sign & Display v. Hansen*, 2011 WL 13383227, at *2 (N.D. Ill.), for example, the court sanctioned an attorney for making allegations in an amended complaint that had been refuted in his expert's report. *See also Balfour Guthrie v. Hunter Marine Transp.*, 118 F.R.D. 66, 76 (M.D. Tenn. 1987) (same). Here, Mr. Weltman's new factual contention was directly and repeatedly contradicted by his expert, Dr. Wolf, on numerous occasions over a course of years.

Mr. Weltman cannot distract from all of his own admissions and Dr. Wolf's admissions by arguing, as he argued in his October 29 letter, that they were made only "in passing." They were not. They were made under oath. They were made in at least five different briefs and an expert report, submitted to a total of six federal judges—three in the district courts and three on the Ninth Circuit panel. And the judges relied on those admissions. They were quoted or repeated in three different court opinions, two from district courts and one from the Ninth

10

Circuit. It is simply not possible to characterize a factual contention so relentlessly pressed to so many judges on so many occasions as having been made inconsequentially—merely in passing.

Nor is Dr. Wolf, by Mr. Weltman's account, the sort of casual layperson whose loose comments about the role played by the nutrient biotin in the body can be ignored. When presenting Dr. Wolf's opinions and testimony in biotin cases, Mr. Weltman describes him as a singular expert. In *Alvarez*, for example, he described Dr. Wolf as "one of the world's most renown [sic] biotin researchers and experts," "one of the world's foremost experts on biotin" (twice), and "at the forefront of biotin research for over forty years." Dr. Wolf does not shoot from the hip, according to Mr. Weltman: his "opinions are based upon well-settled scientific facts."[2] Mr. Weltman made essentially identical statements about Dr. Wolf in *Jensen* and *Greenberg*, and the complaint in the present case relies on Dr. Wolf. Compl. ¶¶ 62, 66.

In his response to this motion, Mr. Weltman will no doubt ask this Court to trust instead the unknown views of some unnamed "consultant." That is not nearly enough. For Mr. Weltman to contradict someone he describes as a world-leading expert at the cutting edge of biotin research for decades, Mr. Weltman must show that there has recently been some dramatic, upending, once-in-a-generation change in published biotin research. But Defendants are aware of none, and Mr. Weltman has refused to identify any. Mr. Weltman cannot simply ignore what his own expert has testified and told him because it is inconvenient in this case.

Before Defendants filed the Rule 11 motion, the parties exchanged the case law on which they are relying. Mr. Weltman provided just one case that had anything to do with a consultant. It

---

[2] The quotes come from Plaintiffs' Motion for Class Certification at 3, Plaintiff's Opposition to Summary Judgment at 1 and 17, and Plaintiffs' Opposition to Defendants' Motion to Strike Expert at 1.

11

is the 36-year-old decision in *Wagner v. Allied Chem.*, 623 F. Supp. 1407, 1411-12 (D. Md.), in which an attorney avoided sanctions because he "consult[ed] with an expert, talked to claimants, and received an oral opinion from a doctor who examined most of the claimants, prior to filing this action." But in that case the attorney—unlike Mr. Weltman—did not spend years repeatedly pressing the opposite factual contention on six different judges, and he did not flatly contradict his own expert's sworn testimony and expert reports. *Wagner* and this case have nothing in common.

To sum up: Mr. Weltman and his expert witness have spent *years* asserting, in testimony, briefs, and reports, that biotin the nutrient does support healthy hair, skin, and nails. And federal courts have relied on that assertion in reaching their decisions. But after the Ninth Circuit told him earlier this year that this fact dooms class action claims against dietary supplement companies for selling biotin, he decided that he needed to switch the facts to his side. That is the only reason for his new—false—factual contention about biotin the nutrient. Under these circumstances, ignoring his expert and hiding behind an anonymous "consultant" cannot protect him. He has violated Rule 11(b)(3).

## II. This Court should impose appropriate sanctions.

"In general, the district court enjoys broad discretion in setting a sanction award that it believes will serve the deterrent purpose of Rule 11. In an effort to deter future conduct, it may … strike offensive pleadings, or … direct the offending party to pay the other party's reasonable attorney's fees." *Divane v. Krull Elec.*, 319 F.3d 307, 314 (7th Cir. 2003).

As authorized by Rules 11(c)(2) and (c)(4), Defendants seek an order (a) striking the offending factual contention and the complaint's cause of action to the extent based on it, and (b) awarding reasonable expenses, including attorney's fees, that Defendants incurred to pursue relief after they first served their motion on Mr. Weltman. (Defendants do not seek to recover

expenses or fees prior to that time.) If the Court decides to award reasonable expenses and fees, Defendants will submit their specific request and the substantiation for it.

The award of expenses and fees will serve to deter Mr. Weltman in particular, and other attorneys in general, from seeking to mislead courts by making opposing and contradictory factual contentions in different cases in disregard of the evidence. The striking from the complaint of Mr. Weltman's false factual contention about biotin the nutrient, and the striking of his cause of action to the extent based on it, will ensure that he obtains no improper litigation advantage from making it. Mr. Weltman is free to relitigate, in the Seventh Circuit, the Ninth Circuit's decision in *Greenberg*, but Rule 11 does not allow him to ignore what he knows and what his own expert has testified about biotin's role in the body.

## **CONCLUSION**

This Court should sanction Mr. Weltman by (1) striking from the complaint the factual contention that biotin the nutrient does not support healthy hair, skin, and nails, as well as the complaint's cause of action to the extent based on it; (2) awarding reasonable expenses and attorneys' fees; and (3) imposing any other sanction that the Court finds to be appropriate.

Respectfully submitted,

Dated: November 12, 2021

By: */s/ Amanda L. Groves*
Amanda L. Groves
Scott P. Glauberman
Ross J. Corbett
Nicholas P. Matosian
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, Illinois 60601
Telephone: (312) 558-7883
Fax: (312) 558-5700
AGroves@winston.com
SGlauberman@winston.com
RCorbett@winston.com
NMatosian@winston.com
*Counsel for Defendants*

# CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that on November 12, 2021, she caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Northern District of Illinois of the United States District Court using the CM/ECF served on the following individuals:

Stewart M. Weltman
Weltman Law LLC
235 W. Snow Rd.
Baroda, MI 49101

Pasha Vaziri
Vaziri Law LLC
111 W. Washington St., Ste. 1500
Chicago, IL 60602

Charles E. Shaffer
Levin Sedran & Berman LLP
510 Walnut St., Ste. 500
Philadelphia, PA 19106

Charles LaDuca
Cuneo Gilbery & LaDuca, LLP
4725 Wisconsin Ave., NW, Ste. 200
Washington, DC 2016

Michael McShane
Audet & Partners LLP
711 Van Ness Ave., Ste. 500
San Francisco, CA 94102

                                                                      By: */s/Amanda L. Groves*
                                                                             Amanda L. Groves