# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TAMARA M. DERVIN, on behalf of herself   )
and all others similarly situated,   )
  )
        Plaintiff,   )
  )
      v.   )      21 C 4215
  )
NBTY, INC., et al.,   )      Judge Charles P. Kocoras
  )
        Defendants.   )

## ORDER

Before the Court is Defendants NBTY, Inc., and Nature's Bounty, Inc.'s (collectively, "Defendants") Motion for Sanctions under Federal Rule of Civil Procedure 11. For the following reasons, the Court denies the Motion.

## STATEMENT

Plaintiff Tamara Dervin brings this action alleging Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, by representing their Biotin supplement products (the "Supplements") support healthy hair, skin, and nails. Dervin contends this representation is false because biotin the nutrient (the "Nutrient") does not support healthy hair, skin, and nails, and, regardless, people consume enough of the Nutrient in their normal diet, so the Supplement is unnecessary.

This is at least the fifth lawsuit making substantially similar allegations about Biotin supplements brought by one of Dervin's attorneys. But Defendants bring this Motion contending counsel made a false factual contention in this case—that the Nutrient does not support healthy hair, skin, and nails. In each of the previous five cases, counsel asserted the Nutrient *does* support healthy hair, skin, and nails.

Defendants contend this shift was calculated—last year the Ninth Circuit found counsel's state law claims were preempted by the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301, *et seq.*, because the representation that the Nutrient supported healthy hair, skin, and nails is a "structure/function claim" with substantiation. *See Greenberg v. Target Corp.*, 985 F.3d 650, 655–56 (9th Cir. 2021); *see also Greenberg v. Target Corp.*, 402 F. Supp. 3d 836, 841–42 (N.D. Cal. 2019) (granting summary judgment to defendants based on preemption by the FDCA). Thus, Defendants move for sanctions under Rule 11 because they say the allegation that the Nutrient does not support healthy hair, skin, and nails has no evidentiary support. *See* Fed. R. Civ. P. 11(b)(3).

Rule 11(b) requires that an attorney or party "certify to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that any pleading presented to the court is not presented for an improper purpose, that the claims therein have a legally sufficient basis, and the allegations and other factual contentions have evidentiary support." *Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 656 (7th Cir. 2003). "[A] court may impose sanctions on a party for making

arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose. In particular, a frivolous argument of claims is one that is 'baseless and made without a reasonable and competent inquiry.'" *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir.1998) (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990)). Rule 11 sanctions are to be imposed sparingly. *Hartmax Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003).

The Court is "entitled to assume that the parties present their positions in good faith and with sufficient support" because of Rule 11. *Bhd. of Locomotive Eng'rs & Trainmen v. Union Pac. R.R. Co.*, 905 F.3d 537, 543 (7th Cir. 2018). "Of course there are times when we doubt these representations, but we do so only 'after carefully analyzing the legal and factual sufficiency' of the allegations of malfeasance." *Id.*

Here, the Complaint alleges the Nutrient does <u>not</u> support hair, skin, or nails in explicit language at paragraph 5. Paragraph 4 is consistent by alleging that a belief that biotin does help support hair, skin, or nails is an erroneous belief. These two complementary allegations are flatly inconsistent with allegations made by Dervin's present counsel in five previous cases. In those five cases, Dervin's counsel made the exact opposite allegations—that is, biotin <u>does</u> support hair, skin, or nails. Whether the shift in this material allegation of the subject of the Complaint is a product of reasonable circumstances reflecting changes in evidence in the field or some other proper purpose, or purely a method to evade the definitive holding of the Ninth Circuit Court of Appeals

is best decided after the development of a fuller record as the case develops. For this reason, the Defendants' Rule 11 Motion for Sanctions is denied without prejudice.

## **CONCLUSION**

For the reasons mentioned above, the Court denies Defendants' Motion for Sanctions (Dkt. # 17) without prejudice. Defendants have 21 days to answer or otherwise plead. Telephonic status is set for 4/14/2022 at 10:00 a.m. It is so ordered.

Dated: 03/09/2022

Charles P. Kocoras
United States District Judge