UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA M. DERVIN, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NBTY, INC., et al., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> 21 CV 4215 |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants NBTY, Inc. and Nature's Bounty, Inc.'s (collectively, "Defendants") Motion to Dismiss Plaintiff Tamara M. Dervin's Complaint under Federal Rule of Civil Procedure 12(b)(6). Dervin brings this action alleging Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, by representing that their biotin supplement products "Support[] Healthy Hair, Skin & Nails." Dervin contends this representation is false because biotin the nutrient does not support healthy hair, skin, and nails, and, regardless, people consume enough of it in their normal diet, so the supplement is unnecessary. For the following reasons, the Court grants Defendants' Motion.

## BACKGROUND

The following facts come from the Complaint and are assumed true for the purpose of this Motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Dervin's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Defendants manufacture, market, sell, and distribute biotin dietary supplements under the "Nature's Bounty" brand, including (1) Biotin 5000 mcg; (2) SUPER POTENCY Biotin 5000 mcg; (3) QUICK DISSOLVE Biotin 5000 mcg; (4) Biotin 10,000 mcg rapid release liquid soft gels; and (5) Biotin 10,000 mcg Health & Beauty rapid release liquid softgels (collectively, the "Biotin Products"). The Biotin Products are sold in major food, drug, and mass retail outlets and cost between $7.00 and $23.00.

The sole active ingredient in the Biotin Products is a supplemental form of biotin. The label on the front of each of the Biotin Products states: "Supports Healthy Hair, Skin & Nails."



In December of 2020 or January of 2021, at a Mariano's or Target in Chicago, Illinois, Dervin purchased several of the Biotin Products, including the 5,000 mcg and

10,000 mcg products, for approximately $11.99 each. On each such purchase occasion Dervin read the statement "Supports Healthy Hair, Skin & Nails" appearing on the front of the Biotin Products, believed that representation to be referring to the Biotin Products, and purchased the Biotin Products in reliance upon that representation. Dervin's primary focus was on support for her hair. However, according to Dervin, neither biotin the nutrient nor the supplemental form of biotin contained in the Biotin Products support healthy hair, skin, and nails for the general population.

Biotin is a colorless, water-soluble B vitamin found in foods like fruit, vegetables, cereal, meat, and fish. It is an essential vitamin that plays a key role in our metabolism, without which we would die. Humans cannot synthesize biotin on their own, but can recycle biotin to ensure that they have enough in case of insufficient dietary intake.

Per the Institute of Medicine of the National Academy of Science ("IOM") and the FDA, the recommended daily intake of biotin is 30 mcg.[1] The IOM recommends that pregnant women get 35 mcg of biotin per day. The general population ingests between 35 and 75 mcg of biotin per day from the foods they eat. If more biotin than needed is ingested, the body excretes the excess biotin and does not use it. The Biotin Products come in 5,000 mcg and 10,000 mcg doses, which are called "pharmacologic" doses or "mega-doses."

---

[1] The IOM generally recommends an "adequate intake" for vitamins that is an overestimate of daily need, to ensure that people are getting a sufficient amount.

3

Biotin deficiency has not been reported in the general population. The supplemental form of biotin that constitutes the Biotin Products is superfluous for most people because we need only a finite amount of biotin, which is more than amply obtained from regular diet and biotin recycling.

Supplemental biotin has, however, been shown to be beneficial for some. A condition called frank biotin deficiency occurs when a person fails to obtain sufficient free biotin either from their diet or through recycling, and it results in severe disruption of specific metabolic pathways. According to scientific studies, symptoms of biotin deficiency have included brittle hooves in horses and hair thinning, hair loss, skin problems, and skin rashes in humans.[2] Disruption to the metabolism, in which biotin plays a key role, causes these health problems.

Frank biotin deficiency can occur in several ways. A small percentage of the population has biotinidase deficiency, a biotin metabolism disorder that prevents the body from recycling biotin and from freeing protein-bound dietary biotin. For these individuals, pharmacological doses of biotin at the mega-dose quantities sold by Defendants have been shown to ameliorate or prevent the development of symptoms. Some people also develop frank biotin deficiency by not getting enough biotin in their diet, such as individuals who were administered long-term intravenous feeding that was devoid of biotin and infants fed on formula that did not contain biotin. For them, this

---

[2] The Complaint also mentions case studies in which supplemental biotin was found to help treat people with brittle nails and those with "uncombable hair" syndrome but claims the studies have been "consistently debunked as unreliable."

was readily corrected by including biotin in their diet, *i.e.*, in their feedings or formula. Frank biotin deficiency can also occur if one consumes a large amount of avidin, a protein found in raw egg whites, which can make biotin unavailable to the body.

Because the majority of people do not experience biotin deficiency and therefore do not need supplemental biotin, Dervin alleges that Defendants' representation on the Biotin Products' label, "Supports Healthy Hair, Skin & Nails", is false. She further claims that she would not have purchased the Biotin Products if she had understood "the truth about Defendants' misrepresentations." Critically, Dervin does not allege that she ever ingested any of the Biotin Products nor that they failed to work for her, but instead asserts that she was injured and lost money at the time of purchase because she was induced to purchase a worthless product.

Dervin filed a one-count complaint alleging Defendants violated the ICFA. Defendants move to dismiss Dervin's Complaint with prejudice for failure to state a claim.

Defendants first argue that the federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, preempts Dervin's state law claim under the ICFA because the FDCA preempts any state requirements that are "not identical to the requirement of section 343(r)." [3] Section 343(r)(6) of the FDCA specifically authorizes certain

---

[3] Much of Defendants' brief centers on a 9th Circuit case, *Greenberg v. Target*, in which Dervin's counsel represented the plaintiff in a nearly identical case challenging the defendant's representation that biotin supports healthy hair, skin, and nails, and in which the 9th Circuit affirmed that the plaintiff's state law claims were preempted by the FDCA. 985 F.3d 650, 655–56 (9th Cir. 2021); *see also Greenberg v. Target Corp.*, 402 F. Supp. 3d 836, 841–42 (N.D. Cal. 2019) (granting summary judgment to defendants based on preemption by the FDCA). Defendants previously moved for attorney sanctions under Fed. R. Civ. P. 11(b) arguing that Dervin's counsel made contradictory and false factual

5

statements about dietary supplements, including "structure/function" claims that "describe[] the role of a nutrient or dietary ingredient intended to affect the structure or function in humans, [or] characterize[] the documented mechanism by which a nutrient or dietary ingredient acts to maintain such structure or function." 21 U.S.C. § 343(r)(6)(A).

Relying on *Greenberg*, Defendants assert that "a structure/function claim . . . refers to the *ingredient's* general role in the human body, not the *product's* impact on a person's health" and that "manufacturers may make structure/function claims about a nutrient's general role in the human body without disclosing whether the product will provide a health benefit to each consumer." Specifically, the FDCA authorizes structure/function statements about dietary supplements when the claim: (1) is substantiated; (2) includes a disclaimer stating that the FDA has not evaluated the claim and the product is not intended to cure or treat a disease; and (3) is not a disease claim. Defendants assert all three requirements are satisfied here, and thus Dervin's IFCA claim is preempted.

Additionally, Defendants argue that because Dervin has neither pled that she used the Biotin Products nor that they did not work for her, she has failed to allege facts plausibly showing that the alleged deception proximately caused her actual damage, as required for pleading a claim under the IFCA.

---

assertions in this case as compared to in *Greenberg* and other similar cases. Dkt. # 17. The Court denied that motion without prejudice. Dkt. # 31.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well-pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

When claiming fraud, a party "must state with particularity the circumstances constituting fraud []. Malice, intent, knowledge, and other conditions of a person's

7

mind may be alleged generally." Fed. R. Civ. P. 9(b). The requirement that fraud be pled with particularity "ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations." *Pirelli Armstrong Tire Corp. Retiree Med. Ben Trust v. Walgreen Co.*, 631 F.3d 436, 439 (7th Cir. 2011). This requirement is not rigid, and what must be alleged will vary depending on the facts of the case. *Id.* at 442. The heightened pleading standard applies to all allegations of fraud (such as misrepresentation), not merely claims labeled fraud. *Id.* at 447.

## DISCUSSION

Defendants move to dismiss Dervin's Complaint with prejudice for failure to state a claim on two grounds: (1) that Dervin has failed to allege actual damage caused by Defendants' alleged misrepresentation; and (2) that Dervin's state law claim under the ICFA is preempted by the FDCA. Because Dervin has not put forth any facts showing that she used the Biotin Products or that they did not work for her, the Court agrees that Dervin has not sufficiently alleged an injury. The Court therefore does not reach the issue of preemption.

To adequately plead a private cause of action under the ICFA, a plaintiff must allege: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 149 (2002) (citing *Zekman v. Direct Am. Marketers*, 182 Ill. 2d 359, 373 (1998); *Connick v.*

8

*Suzuki Motor Co.*, 174 Ill. 2d 482, 501 (1996)). A complaint alleging a violation of the ICFA must be pled with the same particularity and specificity as required for common law fraud. *Connick*, 174 Ill. 2s at 501; *see also Pirelli*, 631 F.3d at 441 ("When a plaintiff in federal court alleges fraud under the ICFA, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies.")

As Defendants note, "the plaintiff is an afterthought in her own complaint." Dkt. # 33, at 2. The Complaint lacks specific allegations regarding exactly which products she purchased, where and when she purchased them, and when and how she learned "the truth" of Defendants' alleged misrepresentation. Critically, Dervin has failed to allege that she took any of the Biotin Products herself and that they did not work for her. Dervin alleges only that she was injured at the time of purchase because supplementary biotin is "worthless." Even under the more lenient pleading standard of Rule 8, Dervin has failed to plead actual damage.

To "bring a private right of action under [the ICFA], actual damage to the plaintiff must be alleged." *Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 25. Multiple judges in this District have found that an IFCA claim should be dismissed for failure to plead an injury when the plaintiff does not allege that the product at issue failed to work for them personally. We agree. *See*, *e.g.*, *Castillo v. Unilever United States, Inc.*, 2022 WL 704809, at *5 (N.D. Ill. 2022) ("Although other purchasers suffered adverse reactions from using TRESemmé products, [] Plaintiffs did not. Having failed to allege that the products they purchased failed to work as advertised for

9

*them*, Plaintiffs' fraud claims must be dismissed on the merits.") (emphasis in original); *Spector v. Mondelez Int'l, Inc.*, 178 F. Supp. 3d 657, 673 (N.D. Ill. 2016) ("Here, Plaintiff . . . has provided no factual basis for inferring she was injured by Defendant's alleged deceptive advertising by not experiencing the four hours of 'nutritious steady energy' promised on the Product's packaging."); *Padilla v. Costco Wholesale*, 2012 WL 2397012, at *3 (N.D. Ill. 2012) ("As to Padilla's ICFA claim based on Glucosamine with MSM, Padilla also fails to plausibly allege that he has suffered actual damages from taking Glucosamine with MSM. . . . Padilla fails to include any allegations that the product did not work for him."); *cf. Bonahoom v. Staples, Inc.*, 2021 WL 1020986, at *6 (N.D. Ill. 2021) (plaintiff adequately pled actual injury when he "unequivocally alleged that the Power Bank charger did not work as advertised because it failed to provide 5,000 mAh of power" and that the charger "did not deliver the power as advertised."); *Greifenstein v. Estee Lauder*, 2013 WL 3874073, at *7 (N.D. Ill. 2013) ("In light of the fact that Greifenstein alleges that the serum simply did not work for her at all, the allegation that she would not have bought the serum is enough to allege [] actual damages."); *see also Gredell v. Wyeth Lab'ys, Inc.*, 367 Ill. App. 3d 287, 292 (1st Dist. 2006) ("[I]f plaintiff admitted getting relief from use of the drugs and could not otherwise show the drugs were ineffective, he has suffered no actionable damage.").

Dervin argues that, unlike the cases cited by Defendants, she "alleges with sufficient specificity exactly how the products do not work as represented *for anyone* and that Plaintiff was damaged just by purchasing a worthless product." Dkt. # 35, at

10

14 (emphasis added). This is problematic for three reasons. First, Dervin cites *Greifenstein* but mischaracterizes the holding, stating that the court there "sustained the complaint where the plaintiff did not clearly allege that the product did not work for her because she had alleged that it could not work as represented for anyone." Dkt. # 35, at 14. But the *Greifenstein* court dismissed the complaint, albeit on other grounds. More importantly, the court found the plaintiff's damages allegations sufficient "[i]n light of the fact that Greifenstein alleges that the serum simply did not work for her at all." 2013 WL 3874073 at *7. Second, Dervin's argument was rejected in *Padilla*, where the plaintiff alleged that the product at issue "was not an effective remedy." 2012 WL 2397012 at *1. Third, this argument is inconsistent with the Complaint, which discusses findings that adding biotin to the diet of those with a biotin deficiency, including "pharmacological doses of biotin at the mega-dose quantities sold to the general population by Defendants," corrected the deficiency, alleviated symptoms of biotin deficiency, and/or prevented the development of symptoms. Dkt. # 1, ¶¶ 60–61, 66; *see Chicago Police Sergeants Ass'n v. City of Chi.*, 2011 WL 2637203, at *7 (N.D. Ill. 2011) (a plaintiff may not plead "conclusory facts that are inconsistent with detailed factual allegations in the body of a complaint or inconsistent with facts shown by supporting exhibits attached to a complaint.").

Dervin has not alleged she ever used the Biotin Products, and therefore any assertion that the products would not have worked *for her* is mere speculation. As Defendants argue, "[f]or all the reader can tell, Plaintiff purchased a dietary supplement

11

that *did* work for her or that *never* became a part of her diet." Dkt. # 33, at 15. The Supreme Court has prescribed that "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 548. The Court therefore cannot assume the Biotin Products would not have worked for Dervin had she tried them.

The remaining cases cited in Dervin's Response are unpersuasive. Most of them have to do with a damages theory of "diminished value." For example, Plaintiff contends "an ICFA plaintiff need not even allege that the product's performance was deficient for them," citing a case about cell phone users (*Schiffner v. Motorola, Inc.*, 297 Ill. App. 3d 1099, 1108 (1st Dist. 1998)). The Complaint makes no allegations of "diminished value" and the Court is skeptical that such an argument would make sense in a case about dietary supplements.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss (Dkt. # 32). Dervin's Complaint is dismissed without prejudice. It is so ordered.

Dated: 6/14/2022

_____
Charles P. Kocoras
United States District Judge