IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA M. DERVIN, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NBTY, INC., a Delaware corporation, and NATURE'S BOUNTY, INC., a Delaware corporation,<br><br>Defendants. | Case No. 1:21-cv-04215<br><br>Hon. Charles P. Kocoras |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In their supplemental submission (Dkt. 43), citing *Ferrari v. Vitamin Shoppe Indus.*, 2023 WL 3911507 (1st Cir.) ("*Vitamin Shoppe*"), Defendants contend that Plaintiff base's her opposition to Defendants' motion to dismiss on the ground that the decision in *Greenberg v. Target*, 985 F. 3d 650 (9th Cir. 2021) was wrongly decided.

*Greenberg* and *Vitamin Shoppe*, both summary judgment decisions by out-of-circuit courts, were predicated on their belief that the plaintiffs in each case had admitted that the vitamin in question provided the represented benefits when consumed in its natural form. Yet, this is not the case here as the Amended Complaint at ¶¶ 54-96 (Dkt. 43) sets forth cogent and detailed factual allegations as to why, as a matter of scientific fact, biotin in its natural form found in foods does not and cannot help support hair skin and nails.

Moreover, two wrongs do not make a right, and for the reasons set forth in Plaintiff's response to Defendants' motion to dismiss the holdings in these two cases turn the purposes of the

FDA's dietary supplement law on its head- allowing supplement manufacturers to market and sell vitamins in supplement form that as a matter of well-settled science do not work as represented.

Furthermore, the Seventh Circuit has made clear that when labeling imparts two different meanings to the reasonable consumer, and one is deceptive, a valid consumer fraud claim has been stated. Viewing *Greenberg* and *Vitamin Shoppe* in their most favorable light even if one accepts the Courts' findings that the plaintiffs admitted that the vitamin in question provided the represented benefits when found in its natural form found in food (*Greenberg*) or in a different dose (*Vitamin Shoppe*), implicit in these holdings is that the labeling in question conveyed two different meanings. For example, assuming that the Plaintiff in *Greenberg* admitted that biotin in its natural form helped support hair skin and nails at a minimum, there were two different messages being conveyed in the labeling (1) that biotin in its natural form found in foods helped support hair skin and nails and (2) that the Defendant's supplemental biotin provided the same benefits.

Here, there can be no doubt that Plaintiff has more than plausibly alleged that the supplemental form of biotin sold by Defendants here does not and cannot provide the represented benefits. Thus, under *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 478 (7th Cir. 2020)[1] where a labeling statement is capable of two interpretations and one of these statements is deceptive a valid consumer fraud claim has been alleged.

For these reasons, Plaintiff respectfully requests the Court to deny Defendants' motion to dismiss and allow this matter to proceed to discovery.

Dated: June 14, 2023                                       Respectfully submitted,

                                                           s/ Stewart M. Weltman
                                                           HART MCLAUGHLIN & ELDRIDGE, LLC
                                                           One South Dearborn Street, Suite 1400
                                                           Chicago, Illinois  60603

---

[1] Cited by Plaintiff as supplemental authority here. Dkt. 42.

sweltman@hmelegal.com
t: (312) 955-0545

LEVIN SEDRAN & BERMAN LLP
Charles Schaffer
510 Walnut St., Ste. 500
Philadelphia, PA 19106
cschaffer@lfsblaw.com
t: (215)592-1500

CUNEO GILBERT & LADUCA, LLP
Charles LaDuca
4725 Wisconsin Ave., NW, Ste. 200
Washington, D.C. 20016
charles@cuneolaw.com
t: (202)789-3960

AUDET & PARTNERS LLP
Michael McShane
711 Van Ness Ave., Ste. 500
San Francisco, CA 94102
mmcshane@audetlaw.com
t: (415)568-2555

VAZIRI LAW LLC
Pasha Vaziri
111 W. Washington St., Ste. 1500
Chicago, IL 60602
pvaziri@vaziri.law
t: (312)690-2610